■ OLAF D. BARD, Appellant, v. CASPER VAN BOURGONDIEN, JR., Respondent.— Motion by plaintiff for leave to appeal to this court from so much of an order of the Appellate Term of the Supreme Court, dated December 11, 1964, as directed a new trial limited to an assessment of damages, and as failed to direct judgment for the plaintiff. Pursuant to statute (CPLR 5703) plaintiff has stipulated for judgment absolute. Motion granted. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of FRANK X. ALTIMARI, Respondent, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents and DOROTHY KARRENBERG, Intervenor-Appellant. In the Matter of JULIUS R. LIPPMAN, Respondent, v. COMMISSIONERS OF ELECTION OF THE COUNTY OF NASSAU et al., Respondents, and DOROTHY KARRENBERG, Intervenor-Appellant.— In two proceedings under the Election Law (§ 330) for the judicial recanvass, review and recount of all the absentee and military ballots cast in the last general election for the office of District Court Judge of the County of Nassau, in the Third Assembly District, one proceeding having been brought by Frank X. Altimari, the candidate of the Republican party, and the other proceeding having been brought by Julius R. Lippman, the candidate of the Democratic party, a voter, Dorothy Karrenberg, appeals from an order of the Supreme Court, Nassau County, entered January 20, 1965, which denied her motion for leave to intervene in the proceedings to determine whether her civilian absentee ballot should be counted. Order affirmed, without costs. It appears that this voter's absentee ballot was returned by her to the Board of Elections, and that the board erroneously delivered it to the 65th Election District of the First Assembly District instead of to the 65th Election District of the Third Assembly District. Testimony with respect to said ballot was given on December 11, 1964 in the main proceedings, and the Special Term ruled that the ballot should not be counted. On December 17, 1964 judgments were entered determining the main proceedings. There were subsequent appeals to this court by the rival candidates, and a further appeal to the Court of Appeals. In none of these appeals was there any question raised by any party as to the propriety of the Special Term's ruling with respect to this voter's ballot. However, a week after the determination by the Court of Appeals, this voter, in a renewed effort to have her ballot counted, moved at Special Term for leave to intervene in these proceedings which are now being conducted pursuant to the remittitur of the Court of Appeals. In our opinion, not only is this voter's application untimely (Election Law, § 330, subd. 5), but it would be improper to permit every voter to make piecemeal applications, with appeals incidental thereto, after the question as to the voter's ballot had been specifically brought to the attention of the Special Term in the proceedings between the rival candidates and a determination made with respect thereto from which no appeal was taken. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.